UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-01160-KK-AJRx** | Date: | March 13, 2026 |
|---|---|---|---|
| Title: | ***Luis Alberto Castro Felix v. Pam Bondi et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Application for Temporary Restraining Order [Dkt. 2]

On March 12, 2026, petitioner Luis Alberto Castro Felix ("Petitioner") filed the operative Petitioner for Writ of Habeas Corpus ("Petition") against respondents Pam Bondi, Kristi Noem, Fereti Semaia, and Ernesto Santacruz, Jr. ("Respondents").  ECF Docket No. ("Dkt.") 1, Petition.  On the same day, Petitioner filed an Application for Temporary Restraining Order ("TRO") and Order to Show Cause ("Application"), seeking his release from custody or, in the alternative, a constitutionally compliant bond hearing.  Dkt. 2, Application.  In support of the Application, Petitioner attaches various exhibits.  Dkts. 2-1 to -15.

Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest.  See id. at 20.

Under Local Rule 7-19, "[a]n application for an ex parte order shall be accompanied by a memorandum containing," among other things, "the reasons for the seeking of an ex parte order, and points and authorities in support thereof."  C.D. Cal. L.R. 7-19.  Additionally, under Local Rule 65-1, "[a] party seeking a [TRO] must submit an application, a proposed TRO, a declaration setting forth the facts and certification required by [Federal Rule of Civil Procedure] 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue."  C.D. Cal. L.R. 65-1.

  Here, Petitioner's Application fails to demonstrate he is entitled to a TRO.  First, the Application fails to comply with the Local Rules by omitting a memorandum setting forth "the reasons for the seeking of an ex parte order, and points and authorities in support thereof."  C.D. Cal. L.R. 7-19.  Second and relatedly, Petitioner fails to address any of the factors needed to establish his entitlement to emergency relief.  <u>See</u> <u>Winter</u>, 555 U.S. at 20.  To the extent Petitioner seeks the Court's consideration of the exhibits attached to the Application, the Application lacks any argument or explanation as to how they are relevant to his request for a TRO.

  Accordingly, Petitioner's Application is **DENIED** without prejudice.

  **IT IS SO ORDERED**.